**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| CALVIN SMITH, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:26-cv-309-CDL-AGH |
| JOEL STANTON, *et al.*, | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Calvin Smith filed a Recast Complaint (ECF No. 6) and a non-prisoner motion to proceed *in forma pauperis* (IFP) (ECF No. 7). Plaintiff's most recent motion to proceed IFP (ECF No. 7) demonstrates that he cannot now pay the Court's filing fee. His motions to proceed IFP (ECF Nos. 2, 7) are therefore **GRANTED.** For the following reasons, however, Plaintiff is required to amend or supplement his Complaint as directed below if he wishes to proceed with this action.

## DISCUSSION

Because Plaintiff is proceeding IFP, the Court is required to conduct a preliminary screening of the Recast Complaint to determine whether any claims should be dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e). The claims in the Recast Complaint arise out of Plaintiff's interactions with Defendants beginning on July 17, 2024, in Harris County, Georgia. Recast Compl. 5, ECF No. 6. On that date, Plaintiff contends he "was abruptly taken from [his] home while in preparation . . . to go to

work by Harris County deputies and taken to Harris County Jail." *Id.* Plaintiff contends his parole officer, Joel Stanton, had "initiated a parole violation warrant based[ ]solely on an alleged[ ]out-of-state conviction" that was "constitutionally defective and 'silent' as no transcript, plea colloquy, or official record exists[.]" *Id.* at 7. Plaintiff supports this allegation by attaching a letter from the official court reporter in that Tarrant County, Texas case. Recast Compl. Ex. A, ECF No. 6-1. It states, "Mr. Smith, you have requested the Reporter's Record for the above-mentioned cause number, however, there was no record taken in this case." *Id.*

Plaintiff contends he "was detained in Harris County Jail for approximately fifty-five (55) days without lawful authority." Recast Compl. 7. He further alleges that the remaining Defendants—"coordinating chief" Elton Edwards, Harris County sheriff Mike Jolley, jail administrator Christie Webb, and the Harris County Sheriff's Office—"failed to verify the validity of the underlying basis for Plaintiff's custody" and "knew or should have known that the warrant was unsupported by a[ ]constitutionally valid conviction." *Id.* at 2-4, 7-8. Plaintiff thus raises claims for unlawful seizure, false imprisonment, and violation of due process against all Defendants; failure to supervise against Defendant Edwards; and municipal liability against the Harris County Sheriff's Office. *Id.* at 9. As a result of these alleged violations, Plaintiff primarily seeks monetary damages as well as costs and "any [other] relief the Court deems just and proper." *Id.* at 10-11.

The Recast Complaint, as pleaded, is too vague and conclusory to state a claim upon which relief may be granted. Plaintiff's claim that Defendant Stanton

unlawfully seized and falsely imprisoned him with a warrant is one for malicious prosecution, not false arrest. "A 'malicious prosecution' claim is that an officer used a constitutionally deficient legal process," such as a defective warrant, "to effectuate an arrest." *Sylvester v. Fulton Cnty. Jail*, 94 F.4th 1324, 1330 (11th Cir. 2024). To state a claim for malicious prosecution, a plaintiff must allege facts sufficient to show that "(1) the plaintiff was seized under legal process; (2) the legal process justifying the plaintiff's seizure was constitutionally infirm; (3) the suit or proceeding terminated in the plaintiff's favor; and (4) the seizure would not otherwise be justified without legal process." *Gervin v. Florence*, 139 F.4th 1236, 1248 (11th Cir. 2025). Plaintiff suggests that Defendant Stanton did not have the legal authority to swear out a parole revocation warrant based on a conviction in Texas, but Plaintiff provides no details about his Texas conviction that could allow the Court to make this inference. Recast Compl. 7. It is also unclear why the fact that a court reporter could not fulfill Plaintiff's request for the "Reporter's Record" for his case means that the criminal conviction did not exist. *Id*; Recast Compl. Ex. A. The Court thus cannot tell how Plaintiff's seizure was constitutionally infirm for purposes of his claims.

Perhaps more importantly, however, although Plaintiff alleges he was held for 55 days, it is unclear why he was released from custody in Harris County or how his release amounted to a termination of the criminal proceeding in his favor, as is required to state a malicious prosecution claim. Plaintiff has therefore failed to plead facts sufficient to establish two essential elements of his malicious prosecution claim against Defendant Stanton.

To the extent Plaintiff is attempting to hold Defendants Edward, Jolley, and Webb liable for malicious prosecution, he also fails to allege facts sufficient to state a claim. As an initial matter, if Plaintiff has not stated an actionable constitutional claim against Defendant Stanton, his claims against the supervisory officials named in his Recast Complaint also fail. *See, e.g., Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (holding that "a supervisor may not be held liable under section 1983 unless the supervised official committed an underlying violation of a constitutional right"). In addition, it is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Christmas v. Nabors*, 76 F.4th 1320, 1330 (11th Cir. 2023). Instead, Plaintiff must allege specific facts to show that any supervisory officials either personally participated in the alleged constitutional violations or that a causal connection exists between his actions and a subordinate's conduct. *Id.* This causal connection can be established if

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

*Hendrix v Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (alterations in original) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008)). "The standard by which a supervisor is held liable in [his or] her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (quoting *Doe v. Sch. Bd. of Broward Cnty.*,

604 F.3d 1248, 1266 (11th Cir. 2010)). Plaintiff has not pled any facts suggesting he might meet this standard even if he could allege Defendant Stanton violated his constitutional rights.

But because Plaintiff is acting *pro se*, the Court will give him an opportunity to amend or supplement his pleading to address these deficiencies. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). Plaintiff is thus **ORDERED** to amend and/or supplement his Complaint by providing additional information explaining the status and outcome of any criminal charges that are related to the events described in the Recast Complaint. Such explanation should include a listing of each of the crimes for which Plaintiff was arrested, charged, and/or convicted; the outcome of each of the charges, including a particular explanation of whether his most recent incarceration beginning in September 2024 and ending in February 2026 is related to any of those charges; the dates on which each of these charges was resolved; and an explanation of whether any of these charges are still pending. Plaintiff should include any charges in Georgia as well as any charges in Texas (or any other state) that may be relevant to his claims.[1]

[1] To the extent Plaintiff is challenging the validity of his state court conviction, he is advised that such claims sound in habeas corpus. As a general rule, "any challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). In other words, "[f]ederal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). While Plaintiff does not currently appear to be in the physical custody of the GDC, an individual may still be in custody for purposes of federal habeas corpus

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to amend or supplement his Complaint by providing the additional information described herein. Plaintiff should ensure the case number for this civil action appears on his amendment. Plaintiff is also reminded of his obligation to immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this case.** There will be no service of process in this case until further order.

**SO ORDERED**, this 26th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

if the individual "is on probation, parole or bail." *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982). However, an individual must exhaust all available state remedies before he may go forward with a federal habeas corpus action. *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *see also Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (noting that a prisoner generally "cannot satisfy the exhaustion requirement if . . . he has failed to avail himself of 'any available procedure' by which he has the right to raise his claim in state court").